**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

GURMEJ SINGH,

          Petitioner,

    v.

FERETI SEMAIA, *et al.*,

          Respondents.

Case No. 5:26-cv-02399-RAO

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

## I.    <u>INTRODUCTION</u>

On May 6, 2026, Gurmej Singh ("Petitioner"), represented by counsel, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") against Todd Blanche, Acting Attorney General of the United States; Markwayne Mullin, Secretary, U.S. Department of Homeland Security ("DHS"); Todd Lyons, Acting Director of Immigration and Customs Enforcement ("ICE"); and Fereti Semaia, Warden, Adelanto ICE Processing Center (collectively, "Respondents"). Dkt. No. 1 ("Pet.").

Petitioner voluntarily consented to proceed before a magistrate judge and the time for the government to withdraw consent under General Order 26-05 passed, therefore, the case is proceeding before the undersigned magistrate judge for all

purposes including final disposition. *See* Dkt. Nos. 4, 11.

Petitioner claims that his current detention at Adelanto Processing Center in Adelanto, California violates the Fifth Amendment's Due Process Clause and the Immigration and Nationality Act ("INA"). Pet. ¶¶ 94–109. Petitioner also claims that his arrest and continued detention violates 8 U.S.C. § 1357 and 8 C.F.R. §§ 287.3 and 287.8. Pet. ¶¶ 110–112. Respondents oppose the Petition, arguing that Petitioner is subject to mandatory detention as well as contending that Petitioner's claims fail on the merits. *See generally* Dkt. No. 9 ("Ans.").

Because Petitioner was re-detained without notice or an opportunity to be heard, the Court orders Respondents to provide Petitioner with a constitutionally adequate bond hearing.

For the following reasons, the Petition is GRANTED IN PART.

## II.    FACTUAL BACKGROUND

Petitioner is a citizen and native of India. Pet. ¶ 55. Petitioner entered the United States without inspection on April 3, 2023. *Id.* ¶ 56. Upon arriving to the United States, Petitioner explains that the government briefly apprehended him and subsequently released him on his own recognizance. *Id.* ¶¶ 2, 57–58.

DHS issued Petitioner a Notice to Appear ("NTA") on April 4, 2023. *Id.* ¶ 63. The NTA did not indicate that Petitioner is an "arriving alien," rather, the NTA notes that Petitioner is a person present in the United States who has not been admitted or paroled. *Id.* ¶¶ 64–66. Petitioner filed an application for asylum on May 24, 2023, and Petitioner obtained lawful employment. *Id.* ¶ 60.

///

///

///

///

///

2

On April 13, 2026, the government arrested Petitioner even though "Respondents were aware that his application for asylum was pending with the EOIR" and "that he had been conditionally paroled into the United States." *Id.* ¶ 67. Prior to his re-detention, Petitioner did not receive any notice that the government intended to arrest him, nor was he provided a hearing to challenge the reasons for his detention. *Id.* ¶¶ 68, 92, 102. Petitioner further explains that Respondents did not consider whether changed circumstances justified his re-detention or determine whether he is a flight risk or a danger to the community. *Id.* ¶ 68.

Petitioner asserts that he "has no criminal history in the record," and has "never been determined to be a flight risk or a danger to the community." *Id.* ¶¶ 72–73. Respondents submit Form I-831 indicating that on April 7, 2026, Petitioner was arrested by the Freemont Police Department for kidnapping, battery on person, stalking, and false imprisonment with violence. Ans. at 2; Ans. Ex. 1.

The Petition states that Petitioner is currently detained in Adelanto ICE Processing Center in Adelanto, California. *See* Pet. ¶¶ 5, 14, 15. The publicly available ICE records confirm Petitioner's detention within this District.

## III.  LEGAL STANDARD

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The statute does not require a person to be physically imprisoned to be in custody; rather, habeas relief is available where the person is subject to "restraints not shared by the public generally." *Jones v. Cunningham*, 371 U.S. 236, 240 (1963).

///

///

///

///

///

## IV.    DISCUSSION

Petitioner claims that his current detention violates the Fifth Amendment's Due Process Clause, the INA, 8 U.S.C. § 1357, and 8 C.F.R. §§ 287.3 and 287.8. *See generally* Pet.  The Petition seeks relief, *inter alia*, in the form of Petitioner's release from immigration custody or, alternatively, an order directing Respondents to release Petitioner unless they provide a bond hearing under 8 U.S.C. § 1226(a) within seven days.  Pet. at 21.

Respondents filed their response on May 13, 2026 ("Answer").  *See* Ans. Respondents argue that the Petition should be denied because the government has discretionary authority to arrest and detain noncitizens in connection with removal proceedings, and Petitioner has not established that Respondents unlawfully arrested and revoked Petitioner's release.  *Id.* at 2.  Respondents contend that INA § 236(a) does not require advance notice or a hearing prior to arrest.  Ans. at 2.  Respondents further argue that Petitioner is subject to mandatory detention, specifically, Petitioner's criminal arrest for battery on a person and false imprisonment with violence mandates Petitioner's detention under 8 U.S.C. § 1226(c).  Ans. at 3.

Petitioner filed his Reply to Respondents' Answer on May 15, 2026 ("Reply"). Dkt. No. 10.  Petitioner states that limiting the remedy to a bond hearing within seven days rather than release cannot be sustained because a bond hearing is not an adequate remedy for the injury Petitioner is suffering.  *Id.* at 2–3.  Additionally, Petitioner asserts that referral for a bond hearing to the same executive branch responsible for Petitioner's detention does not provide the neutral and independent review required by due process.  *Id*. at 3.  In light of Respondents' argument that Petitioner's detention is mandatory, Petitioner argues that his arrest does not warrant mandatory detention because the "government relies entirely on unproven arrest allegations."  *Id.* at 2.

For the reasons set forth below, the Court finds that Petitioner's continued detention without a bond hearing is unlawful under the Fifth Amendment.

### A.    The Court has Jurisdiction

Petitioner argues that this Court has jurisdiction over the present action based on 28 U.S.C. § 2241 and 28 U.S.C. § 1331.  Pet. ¶ 13.  Respondents do not contest this Court's jurisdiction over the Petition.

As the Court has an obligation "to determine that [it has] jurisdiction before proceeding to the merits" of any case, it will first address whether it has jurisdiction over Petitioner's claims.  *Lance v. Coffman*, 549 U.S. 437, 439 (2007); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).

Here, Petitioner seeks review of the legality of his detention.  *See generally* Pet.  Petitioner's due process claims challenge his re-detention, without any notice, any reasons given for the revocation, or any opportunity to argue why he should be permitted to remain at liberty.  *See* Pet. ¶¶ 99–103.  Accordingly, as other courts in this Circuit have found in similar cases, the Court has jurisdiction to hear Petitioner's claims that his detention is unlawful under 28 U.S.C. § 2241.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) (finding that the court would have jurisdiction under § 2241 to consider errors of law in immigration detention, including due process violations); *Hernandez v. Session*, 872 F.3d 976, 986 (9th Cir. 2017) (finding that the court had jurisdiction to hear constitutional claims about immigration detention under § 2241); *M.R. v. LaRose*, No. CV 25-3710 JLS (BLM), 2026 WL 40839, at *2 (S.D. Cal. Jan. 6, 2026) (similar); *Garcia v. Andrews*, No. CV 25-1884-TLN (SCR), 2025 WL 1927596, at *1 n. 1 (E.D. Cal. July 14, 2025) (similar); *see also Walters v. Reno*, 145 F.3d 1032, 1052 (9th Cir. 1998) (concluding that § 1252(g) does not impose a jurisdictional bar to petitioner's claims regarding constitutional violations).

In sum, the Court has jurisdiction.

///

///

**B.      Petitioner's Re-Detention Violates Due Process**

Petitioner argues his re-detention without a pre-detention hearing or notice of revocation violates his procedural due process rights.  *See* Pet. ¶¶ 99–103.

"The Due Process Clause of the Fifth Amendment prohibits the Government from depriving individuals of their life, liberty, or property, without due process of law."  *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  "It is well-established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993) (citation omitted).  Due process protections includes noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent," and those subject to a final order of deportation.  *Zadvydas v. Davis*, 533 U.S. 678, 693–94 (2001).  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."  *Id*. at 690.  The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property."  *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).  Although the government may have discretion over the initial decision to detain or release a noncitizen, "the government's decision to release an individual from custody creates 'an implicit promise,' upon which that noncitizen may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions [of release].'"  *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).  "Thus, even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."  *Pinchi*, 792 F. Supp. 3d at 1032 (citing *Romero v. Kaiser*, No. CV 22-20508, 2022 WL 1443250, at *2 (N.D. Cal. May 6, 2022)).

///

///

Petitioner's due process claim is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. CV 25-1884-TLN (SCR), 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). The Court analyzes each step in turn.

Here, Petitioner was released from Respondents' custody on his own recognizance on April 5, 2023. Pet. ¶ 58; *see also* Ans. Ex. 1. Petitioner contends that since his release into the United States, he applied for asylum and obtained employment. Pet. ¶¶ 60, 93. Petitioner has a liberty interest in his continued freedom. As has been detailed by this and numerous other courts, individuals released from ICE custody have a protected interest in remaining out of custody. *See Lopez v. Lyons*, No. CV 25-3174-DJC (CKD), 2025 WL 3124116, at *3 (E.D. Cal. Nov. 7, 2025); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025); *see also Noori v. LaRose*, No. CV 25-1824-GPC (MSB), 2025 WL 2800149, at *10 (S.D. Cal. Oct. 1, 2025) ("Petitioner is not an 'arriving' noncitizen but one that has [been] present in our country for over a year. This substantial amount of time indicates he is afforded the Fifth Amendment's guaranteed due process before removal."). Even if Respondents asserted that the government lawfully revoked Petitioner's release because of his recent arrest, Petitioner retains his protected liberty interest. *Singh v. Chestnut*, No. CV 26-546-DJC (AC), 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026) ("Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." (citations omitted)).

///

///

7

Given Petitioner's protected liberty interest, the Court must determine what procedural protections are due to protect that liberty interest. *See Mathews*, 424 U.S. at 335. This requires balancing the three factors the Supreme Court set forth in *Mathews*. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022) (assuming without deciding that *Mathews* applied and applying test in immigration detention context); *Perez Bueno v. Janecka*, No. CV 25-3376-CAS (BFM), 2026 WL 309934, at *3 (C.D. Cal. Feb. 5, 2026) (applying *Mathews* test and ordering immediate release of noncitizen asylum applicant previously released on own recognizance by DHS who was detained without pre-detention notice or hearing). Courts must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

With respect to the first factor, Petitioner has a substantial interest in remaining out of immigration custody. Petitioner gained a liberty interest in his continued freedom when he was initially released on his own recognizance. Prior to his recent detention, Petitioner had been out of custody for three years, and during that time, established a life in the United States and complied with the terms of his release. *See* Pet. ¶¶ 58, 60, 67, 71–73. Prior to his detention, Petitioner attended all required immigration appointments, participated in the preparation of his asylum case, and obtained lawful employment. *See id.* ¶¶ 60, 71. Petitioner has a constitutionally protected liberty interest arising from his successful period of release. His re-detention denies him that freedom. *Carballo v. Andrews*, No. 25-978-KES (EPG), 2025 WL 2381464, at *7 (E.D. Cal. Aug. 15, 2025) (explaining that the "[p]etitioner has a constitutionally protected liberty interest arising from his years-long and

successful period of release and integration into the community); *see also Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) ("The Supreme Court has repeatedly recognized that individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty." (citation omitted)). The Court thus finds that Petitioner has a significant interest in his continued liberty, and accordingly, the first *Mathews* factor favors Petitioner.

With respect to the second factor, the risk of erroneous deprivation is significant because Petitioner has not been afforded an opportunity to contest his detention. Pet. ¶¶ 68, 102; *see Diep v. Wofford*, No. CV 24-1238-SKO (HC), 2025 WL 604744, at *5 (E.D. Cal. Feb. 25, 2025) (concluding that the risk of an erroneous deprivation of Petitioner's protected liberty interest "is high" where "[h]e has not received any bond or custody redetermination hearing" (citing *Jimenez v. Wolf*, No. CV 19-7996 (NC), 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020)). Additionally, there is no evidence that Respondents employed any procedural safeguards before detaining petitioner and revoking his release. Indeed, "the risk of an erroneous deprivation [of liberty] is high" where, as here, "[the petitioner] has not received [and will not receive] any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 25-107-KES (SKO), 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025) (citation omitted); *Juarez Fernandez v. Semaia*, No. CV 25-3412-SPG (MBK), 2026 WL 136229, at *6 (C.D. Cal. Jan. 13, 2026) (noting post-deprivation relief could result in the petitioner's indefinite detention "without any process"). Given the absence of any procedural safeguards to determine if Petitioner's re-detention was justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at *5. The additional procedure of a bond hearing would mitigate the risk of erroneous deprivation of Petitioner's liberty as it would require the government to establish that Petitioner presents a flight risk or danger to the community. The second *Mathews* factor thus weighs in Petitioner's favor because

9

the risk of erroneous deprivation of Petitioner's liberty is high.

With respect to the third factor, Respondents' interest in detaining Petitioner without notice, reasoning, and a hearing is low. Respondents do not identify any fiscal or administrative burdens on the government that a hearing would entail. District courts have observed that bond hearings impose minimal burden on the government. *See Singh v. Barr*, 400 F. Supp. 3d 1005, 1021–22 (S.D. Cal. 2019); *Hilario M.R. v. Warden*, No. CV 24-998-EPG (HC), 2025 WL 1158841, at *9 (E.D. Cal. Apr. 21, 2025)). The Court acknowledges that the government has a strong interest in effecting removal. *Demore v. Kim*, 538 U.S. 510, 531 (2003). However, the key government interest at stake here "is not the continued detention of Petitioner, but the government's ability to detain him without a bond hearing." *Zagal-Alcaraz v. ICE Field Office Director*, No. CV 19-1358-SB, 2020 WL 1862254, at *7 (D. Or. Mar. 25, 2020). Providing a bond hearing would not undercut the government's interest in effecting removal, rather, the bond hearing will illuminate whether Petitioner represents a flight risk or danger to the community. After all, "the government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). The third *Mathews* factor weighs in Petitioner's favor.

In light of the significant liberty interest at stake, the high risk of erroneous deprivation, and Respondents' failure to show a significant interest in Petitioner's detention, Petitioner is entitled to more process than he received. *See Mathews*, 424 U.S. at 335.[1] As noted, Petitioner seeks relief, *inter alia*, in the form of Petitioner's release or, alternatively, an order directing Respondents to release Petitioner unless

---

[1] The Court declines to address Petitioner's remaining claims and whether Petitioner's detention is authorized by statute because the Petition can be resolved on due process grounds.

10

they provide a bond hearing under 8 U.S.C. § 1226(a) within seven days. *See* Pet. at 21. That said, Petitioner objects to relief in the form of a bond hearing and argues that a bond hearing is an inadequate remedy for the harm he has suffered. *Id.* ¶¶ 74–91; *see* Reply at 3. Petitioner further explains that he will not receive a neutral bond hearing before the executive branch court that is responsible for his current detention. *See* Pet. ¶¶ 74–91; *see* Reply at 2–3. First, the Court notes that the Petition expressly requested, as an alternative form of relief, that Respondents be ordered to provide Petitioner with a bond hearing before an immigration judge. Pet. at 21. Second, the Court finds that the specific harm Petitioner suffered is remedied by ordering Respondents to provide Petitioner a bond hearing. *See S.E. v. Noem*, No. CV 26-356-DAD (SCR), 2026 WL 206085, at *4 n. 3 (E.D. Cal. Jan. 27, 2026) ("Based on the court's *Mathews* analysis, the court has determined that a post-deprivation bond hearing is the appropriate remedy at this stage of these proceedings."). On balance, the Court concludes that the *Mathews* factors weigh in favor of finding that Petitioner is entitled to a custody hearing before a neutral arbiter in which the government shall bear the burden of establishing that Petitioner poses a danger to the community or risk of flight. *See Carballo*, 2025 WL 2381464, at *8 (ordering the government to provide a post-deprivation bond hearing to § 1226(c) detainee where the government bears the burden of proof); *see also Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief."). Further, the Court orders Respondents to immediately release Petitioner if a bond hearing is not provided within seven days of this Order. *See E.C. v. Noem*, No. CV 25-1789-RFB (BNW), 2025 WL 2916264, at *12 (D. Nev. Oct. 14, 2025) ("Given Petitioner's liberty interest is at stake, the Court finds that if a bond hearing is not provided promptly, within seven days of this Order, Petitioner's continued detention would violate his due process rights." (collecting cases)); *Diep*, 2025 WL 604744, at *5 (similar).

11

## V.     ATTORNEY'S FEES

Petitioner requests costs and reasonable attorney's fees in this action pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.  Pet. at 21.  The Court will consider an application requesting costs and reasonable attorney's fees under the EAJA that is filed within thirty days of final judgment in this action.  *See* 28 U.S.C. § 2412(d)(1)(B).

## VI.    CONCLUSION

For the foregoing reasons, Petitioner's Petition for a writ of habeas corpus is **GRANTED IN PART**.  IT IS HEREBY ORDERED THAT:

- Within seven (7) days of this Order, Respondents shall afford Petitioner a constitutionally adequate bond hearing before an immigration judge.  The government shall bear the burden of establishing that Petitioner poses a danger to the community or risk of flight, and Petitioner shall be allowed to have counsel present;

- Respondents are ordered to immediately release Petitioner unless he is provided a constitutionally adequate bond hearing before an immigration judge within seven (7) days of this Order;

- Respondents are directed to file a status report within ten (10) days of this Order substantiating compliance with the Court's Order; and

- Within thirty (30) days of entry of final judgment in this action, the Court will consider an application from Petitioner for reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

IT IS SO ORDERED.

DATED: May 29, 2026

/s/
_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

12